**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-50164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENA PORRAS-RASCON, Lorena Porras De Ruiz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2797-1

Before REAVLEY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorena Porras-Rascon (Porras) appeals the sentence imposed following her guilty plea to illegal reentry. She argues for the first time on appeal that the district court improperly enhanced her sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) by relying solely on the presentence report's characterization of her prior 21 U.S.C. § 952 conviction for importation of marijuana as a drug trafficking crime and its own recollection of that conviction. Because Porras did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not object to the § 2L1.2 enhancement on this basis in the district court, her argument is reviewed for plain error only. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Porras, however, has not established reversible plain error because she has demonstrated no prejudice from the district court's alleged error; thus, she cannot show that her substantial rights have been affected. *See id.* at 520-21.

In light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Porras also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.